IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS PENSION FUND, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION ) |
| vs. | ) NO. 13 C 7478 ) |
| HALTZ CONSTRUCTION, INC., an Illinois corporation, | ) JUDGE JOHN A. NORDBERG ) ) |
| Defendant. | ) ) |

## JUDGMENT ORDER

This matter coming on to be heard upon the Motion of Plaintiffs, by their counsel, it appearing to the Court that the Defendant, HALTZ CONSTRUCTION, INC., an Illinois corporation, having been regularly served with process and having failed to appear, plead or otherwise defend, and default of said Defendant having been taken, the Court, first being fully advised in the premises and upon further evidence submitted herewith, FINDS:

1. It has jurisdiction of the subject matter herein and of the parties hereto.

2. The Defendant is bound by the terms of the collective bargaining agreement referred to in Plaintiffs' Complaint.

3. The Defendant is obligated to report and pay contributions to each of the Plaintiff Funds on behalf of its bargaining unit employees in accordance with the collective bargaining agreement.

4. The Defendant is bound by all the terms and conditions set forth in the Agreements and Declarations of Trust governing the Plaintiff Funds.

5. Defendant has made available to the Plaintiffs its payroll books and records for the purpose of taking an account as to all employees of the Defendant performing work covered by the collective bargaining agreement to determine amounts due to Plaintiffs.

6. Plaintiffs, by the accounting firm of Romolo & Associates, caused an audit to be made to cover the period October 1, 2009 through June 30, 2013.

7. Upon such audit, it is determined that Defendant owes Plaintiffs $24,560.70 for contributions and $2,456.07 for liquidated damages, for a total of $27,016.77.

8. Plaintiffs are entitled to make a further audit of Defendant's payroll books and records to cover periods not previously audited by Plaintiffs.

9. Defendant has submitted monthly contribution reports for the months of August 2012 through October 2012. Said contribution reports indicate Defendant owes Plaintiffs $67,997.00 for contributions and $6,799.70 for liquidated damages, for a total of $74,796.70. After application of partial payments totaling $67,997.00, there remains $6,799.70 due and owing from Defendant to Plaintiffs for the stated months.

10. Defendant has submitted monthly contribution reports for the months of June 2013 and July 2013. Said contribution reports indicate Defendant owes Plaintiffs $4,620.99 for contributions and $462.10 for liquidated damages, for a total of $5,083.09.

11. Pursuant to the Trust Agreements, a liquidated damages surcharge has been assessed against the Defendant in the amount of ten (10%) percent of all contributions due and unpaid and all contributions which were paid late, for the months of July 2012 and November 2012 through January 2013, in the amount of $4,025.58.

12. Defendant has failed to timely pay all contributions required to be made to the Plaintiff Funds. Accordingly, as provided in the Agreements and Declarations of Trust governing the respective Funds, 29 U.S.C. §1132(g)(2) and 28 U.S.C. §1961, Plaintiffs are entitled to recover:

(a) liquidated damages and interest on all contributions paid late or remaining unpaid;

(b) the cost of auditing the payroll books and records of Defendant;

(c) costs and expenses of the Trustees, including their reasonable attorneys' fees;

(d) post-judgment interest; and

(e) costs and attorneys' fees incurred in executing on, or otherwise collecting, this judgment.

13. Plaintiffs have incurred costs totaling $485.00 and reasonable attorneys' fees totaling $540.00.

14. Plaintiffs have expended the sum of $812.18 for the purpose of making an audit of the payroll books and records of the Defendant.

15. There is no just cause for delay in the entry of a Judgment Order as to the sum of $44,762.32 owed to the Plaintiffs from Defendant.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

A. That Plaintiffs recover from the Defendant, HALTZ CONSTRUCTION, INC., an Illinois corporation, the sum of $29,181.69 for contributions and $13,743.45 for liquidated damages, for a total sum of $42,925.14.

B. That Plaintiffs recover from the Defendant, HALTZ CONSTRUCTION, INC., an Illinois corporation, the sum of $812.18 expended by Plaintiffs for the purpose of conducting an audit of Defendant's payroll books and records.

C. That Plaintiffs recover from the Defendant, HALTZ CONSTRUCTION, INC., an Illinois corporation, the sum of $485.00 for their costs and $540.00 as and for Plaintiffs' just and reasonable attorneys' fees.

D. That Plaintiffs recover from the Defendant, HALTZ CONSTRUCTION, INC., an Illinois corporation, the total sum of **$44,762.32**, plus post-judgment interest on said amount at the rate required by 28 U.S.C. §1961.

E. That Plaintiffs are awarded their costs and attorneys' fees to execute on, or otherwise collect, this judgment.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: Dec. 11, 2013

Cecilia M. Scanlon
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\CLJ\Haltz Construction\judgment order.cms.df.wpd